Gary M. Anderson (State Bar No. 97385)
  ganderson@fulpat.com
Kenya L. Williams (State Bar No. 276875)
  kwilliams@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone: (310) 824-5555
Facsimile: (310) 824-9696

Attorneys for Plaintiff
Variant Displays, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VARIANT DISPLAYS, INC., a California corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>ABSOLUTE EXHIBITS, INC., a California corporation; FISHMAN TRANSDUCERS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>           Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1) Direct Copyright Infringement (17 U.S.C. §§ 106, *et seq.*);<br><br>2) Contributory Copyright Infringement (17 U.S.C. §§ 106, *et seq.*);<br><br>3) Inducement of Copyright Infringement (17 U.S.C. §§ 106, *et seq.*);<br><br>4) False Advertising (Cal. Bus. & Prof. Code § 17500);<br><br>5) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*); and<br><br>6) Common Law Unfair Competition.<br><br>DEMAND FOR JURY TRIAL |

899324.1

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Variant Displays, Inc., a California corporation ("Variant" or "Plaintiff"), by and through its undersigned attorneys, as and for its complaint against Defendants Absolute Exhibits, Inc. ("Absolute"), a California corporation, Fishman Transducers, Inc. ("Fishman"), a Delaware corporation, and Does 1 through 10, inclusive, collectively referred to herein as "Defendants", alleges as follows:

## NATURE OF THE CASE

1. This action by Plaintiff arises from Defendants' infringing and unauthorized reproduction, distribution, public display, use and sale of Plaintiff's copyrighted work ("the Copyrighted Work") and/or substantially similar representations thereof, in direct violation of Plaintiff's valuable intellectual property rights.

2. During the Fall of 2014, Plaintiff and Defendant Fishman, and/or representatives on behalf of Defendant Fishman, engaged in substantive discussions regarding a tradeshow booth design created by Plaintiff with the understanding that Defendant Fishman would use the tradeshow booth design in upcoming tradeshows. After Plaintiff had gone through the time and expense of designing a custom tradeshow booth for Defendant Fishman, and had provided electronic proofs of the design to Defendant Fishman, Defendant Fishman suddenly and inexplicably decided it no longer wanted to pursue a business relationship with Plaintiff.

3. During the Winter of 2015, Plaintiff attended the National Association of Music Merchants ("NAMM") tradeshow in Anaheim, California and discovered that Defendant Fishman had in fact used Plaintiff's tradeshow booth design, or a substantially similar representation thereof, in the NAMM tradeshow, in violation of Plaintiff's rights in the Copyrighted Work.  Upon information and belief, Defendant Absolute manufactured the tradeshow booth (the "Infringing Work") used by Defendant Fishman at the NAMM tradeshow, which incorporated a substantially similar representation of Plaintiff's original tradeshow booth design.

4. Defendants' conduct is causing, and unless immediately enjoined will continue to cause, *inter alia*, irreparable harm to Plaintiff. Defendants should not be allowed to continue to exploit Plaintiff's Copyrighted Work without authorization, and Plaintiff should be compensated for Defendants' willful acts of infringement.

5. By this action, Plaintiff seeks (i) preliminary and permanent injunctive relief restraining Defendants from violating Plaintiff's intellectual property rights in the Copyrighted Work by, *inter alia*, the unauthorized reproduction, distribution, public display, use and sale of the Infringing Work, including by ceasing the unauthorized reproduction, distribution, public display, use and sale of the Infringing Work, destroying the Infringing Work, and removing or taking down all unauthorized versions thereof, whether physical, electronic, or otherwise; and (ii) damages, including actual damages and profits, statutory damages, reasonable attorneys' fees, costs and treble and/or punitive damages, for Defendants' wrongful conduct.

## PARTIES

6. Plaintiff Variant is a California corporation with its principal place of business at 350 Cheryl Lane, Walnut, California 91789. Plaintiff is an exhibit house specializing in custom tradeshow booth designs and fabrications.

7. Defendant Absolute is a California corporation with its principal place of business at 1382 Valencia Avenue, Suite H, Tustin, California 92780. Absolute is engaged in the business of providing its customers with a variety of services related to exhibiting at tradeshows, including the fabrication of tradeshow booths or exhibits.

8. Defendant Fishman is a Delaware corporation with its corporate address at 2711 Centerville Road, Wilmington, Delaware 19808. Fishman's principal place of business is at 6 Riverside Drive, Andover, Massachusetts 01810. Fishman is engaged in the business of selling acoustic amplification products and other products related to enhancing the sound of music.

## JURISDICTION AND VENUE

9. This is a civil action seeking damages and injunctive relief for copyright infringement, under the Copyright Act of the United States, 17 U.S.C. §§ 101, *et seq*.

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright), in that Plaintiff is alleging claims under, *inter alia*, the Copyright Act, 17 U.S.C. §§ 101, *et seq*. This Court has jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

11. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiff and Plaintiff's intellectual property within the State of California and in this judicial district.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that one or more Defendants reside and/or maintain a place of business in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

13. Venue also is proper in this district pursuant to 28 U.S.C. § 1400, in that this action arises under the Copyright Act of the United States.

## FACTS

**A.     Plaintiff's Copyrighted Work.**

14. Plaintiff is the designer, creator and sole author of the Copyrighted Work, which consists of the original tradeshow booth design Plaintiff provided to Defendant Fishman in or about October of 2014 with the understanding that Defendant Fishman would use the Copyrighted Work (after making a business

arrangement with Plaintiff) in the NAMM Winter 2015 tradeshow and other tradeshows.

15. Plaintiff owns a copyright registration issued by the United States Copyright Office for the Copyrighted Work, entitled "40'x50' NAMM Winter 2015", which became effective on March 10, 2015. A true and correct copy of the printout from the United States Copyright Office website, bearing the copyright registration information for the Copyrighted Work, is attached hereto as Exhibit A.

16. As identified in Exhibit A, "40'x50' NAMM Winter 2015" was created in 2014 by Plaintiff, and bears a registration date less than two (2) months after the Infringing Work was publicly displayed, without Plaintiff's authorization, at the Winter 2015 NAMM tradeshow by Defendant Fishman.

17. In late January of 2015, it came to Plaintiff's attention that Defendants and/or their agents had reproduced, distributed, and/or publicly displayed (and/or caused to be reproduced, distributed, and/or publicly displayed) the Infringing Work, which is a substantially similar representation of the Copyrighted Work, without Plaintiff's authorization, at the Winter 2015 NAMM tradeshow.

18. Defendants have no license, authorization, permission or consent to use the Copyrighted Work in any manner.

**B.  Defendants' Infringing Conduct.**

19. In or about September of 2014, Defendant Fishman requested a quotation from Plaintiff for Plaintiff to design and create a tradeshow booth "that captures the Fishman brand". Plaintiff understood that Defendant Fishman had planned to use the tradeshow booth designed and created by Plaintiff at the annual NAMM tradeshow, which was scheduled to take place January 21 – 24, 2015 at the Anaheim Convention Center in Anaheim, CA.

20. During September and October of 2014, over the course of several weeks, Plaintiff and Defendant Fishman corresponded, through Defendant Fishman's consultant, TMB Partners, regarding the particular design Plaintiff was

creating for Defendant Fishman and which Plaintiff was in the process of finalizing to Defendant Fishman's specifications.  Plaintiff obtained specific information pertaining to Defendant Fishman's intended use of the tradeshow booth, including the location of the booth and details to be included in the booth's design, such as dividing walls between each section with extra sound proof material, demonstration rooms, media areas inside the booth, etc.

21. After receiving electronic copies of Plaintiff's initial design for the tradeshow booth, Defendant Fishman responded that it was "very interested in the booth design" and wanted to see if it was aligned with its budget.  Additionally, Defendant Fishman had some specific questions about the design and the specifications.  Defendant Fishman expressed that it was interested in the concept initially set forth by Plaintiff, and indicated that it likely would request additional changes after determining that the tradeshow booth is within its budget.

22. Thereafter, Plaintiff and Defendant Fishman discussed specific terms of the contract, including the possibility of engaging in a two-year rather than a one-time rental deal to lower the cost.  On October 8, 2014, Plaintiff provided Defendant Fishman with two detailed quotations: one for a one-time rental booth and the other for a two-show rental booth.

23. After working out a few additional details, Defendant Fishman expressed that it was "very excited to work with Variant displays" and that Plaintiff's "booth design is certainly appealing."  Defendant Fishman also expressed that it would sign Plaintiff's non-disclosure agreement ("NDA") or that it would supply a NDA for Plaintiff's review.  Ultimately, there was no NDA signed by either Plaintiff or Defendants.

24. Subsequently, Plaintiff and certain representatives of Defendant Fishman continued to work on the financial aspects of their business relationship, including Plaintiff's provision of customer references and a bank verification letter, as requested by Defendant Fishman, in order to add Plaintiff as a new vendor.  At

the same time, Plaintiff worked with other representatives of Defendant Fishman to solidify the details of the tradeshow booth design.

25. On November 4, 2014, after thoroughly reviewing Plaintiff's final quote and Plaintiff's final proposed design of the tradeshow booth it was designing and had planned to manufacture for Defendant Fishman, Defendant Fishman advised Plaintiff that it had decided not to move forward with using Plaintiff as the vendor for its tradeshow booth after all.

26. In January of 2015, at the NAMM tradeshow in Anaheim, CA, Plaintiff observed, on full public display, the Infringing Work, which is a substantially similar representation of Plaintiff's copyrighted tradeshow booth design ("the Infringing Work"), and which Plaintiff had previously disclosed to Defendant Fishman in the Fall of 2014, being publicly displayed by Defendant Fishman as its own tradeshow booth, without Plaintiff's authorization and in violation of Plaintiff's intellectual property rights.

27. Upon information and belief, Defendant Fishman hired Defendant Absolute to manufacture and/or fabricate the Infringing Work, and Defendant Absolute manufactured and/or fabricated the Infringing Work using Plaintiff's Copyrighted Work, which was provided to Defendant Absolute by Defendant Fishman. The Infringing Work is a substantially similar representation of Plaintiff's Copyrighted Work.

28. In addition to manufacturing and/or fabricating the Infringing Work, Defendant Absolute has displayed photographs of the Infringing Work on its website http://www.absoluteexhibits.com/.

# COUNT ONE

## Direct Copyright Infringement – 17 U.S.C. §§ 106 and 501

(Against Defendant Absolute)

29. Plaintiff repeats the foregoing allegations as if fully set forth herein.

30. Plaintiff is, and at all relevant times has been, the copyright owner, under U.S. Copyright Law, of the copyright registration identified in Exhibit A attached hereto, which is the subject of a valid Certificate of Copyright Registration issued by the United States Copyright Office.

31. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act is the exclusive right to reproduce the Copyrighted Work and to distribute the Copyrighted Work to the public.

32. Plaintiff is informed and believes that Defendant Absolute, without the permission or consent of Plaintiff, has produced the Infringing Work, which is a substantially similar reproduction of the Copyrighted Work, and that Defendant Absolute has distributed the Copyrighted Work to the public, and/or made the Copyrighted Work available for distribution to others, and publicly displayed the Infringing Work, including via its website http://www.absoluteexhibits.com/. In doing so, Defendant Absolute has violated Plaintiff's exclusive rights of reproduction, distribution, and public display. Defendant Absolute's actions constitute direct infringement of Plaintiff's copyright and exclusive rights under U.S. Copyright Law.

33. Through the conduct alleged herein, Defendant Absolute has directly infringed Plaintiff's rights in the Copyrighted Work, including by reproducing, distributing, and publicly displaying the Copyrighted Work, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

34. Defendant's acts of infringement are willful, intentional and purposeful, in reckless disregard of and with indifference to Plaintiff's rights.

35. As a direct and proximate result of Defendant Absolute's infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work under U.S. Copyright Law, Plaintiff is entitled to recover actual damages, pursuant to 17 U.S.C. § 504(b), for its lost profits as a result of Defendant's infringement, as well as any profits of Defendant attributable to the infringement, including an accounting of and a constructive trust with respect to such profits, in an amount to be proven at trial.

36. Alternatively, Plaintiff is entitled to recover statutory damages, pursuant to 17 U.S.C. § 504(c), for Defendant Absolute's infringement of Plaintiff's copyright in the Copyrighted Work, in an amount to be determined by the trier of fact. Additionally, due to Defendant Absolute's willful infringement of Plaintiff's exclusive rights, Plaintiff is entitled to an enhancement of its statutory damages award, up to $150,000, pursuant to 17 U.S.C. § 504(c)(2).

37. Plaintiff further is entitled to its attorneys' fees and costs, pursuant to 17 U.S. C. § 505.

38. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Copyrighted Work and cause Plaintiff irreparable injury that cannot be fully compensated. Therefore, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct, including, but not limited to, an order prohibiting Defendant Absolute from further infringing Plaintiff's copyright and directing Defendant to destroy the Infringing Work and all identical and substantially similar copies thereof made in violation of Plaintiff's exclusive rights.

## COUNT TWO

## Contributory Copyright Infringement – 17 U.S.C. §§ 106 and 501

(Against Defendant Fishman)

39. Plaintiff repeats the foregoing allegations as if fully set forth herein.

40. Upon information and belief, by providing Defendant Absolute with the Copyrighted Work and/or substantially similar representations thereof, Defendant Fishman has knowingly and materially contributed to, intentionally induced, and/or caused Defendant Absolute to infringe Plaintiff's copyright in the Copyrighted Work, including by materially contributing to, intentionally inducing, and/or causing unauthorized reproductions, distributions, and public displays of the Copyrighted Work, or substantially similar reproductions thereof, e.g., the Infringing Work, without authorization, in violation of Sections 106, *et seq.*, and Section 501 of the Copyright Act. 17 U.S.C. §§ 106, *et seq.*, and 501.

41. Notwithstanding such knowledge, Defendant Fishman has failed to take measures readily available to it, that could prevent further damage to Plaintiff's Copyrighted Work.

42. Each infringement by Defendant Fishman of Plaintiff's Copyrighted Work constitutes a separate and distinct act of infringement.

43. Defendant Fishman's acts of infringement were willful, in reckless disregard of and with indifference to the rights of Plaintiff.

44. As a direct and proximate result of Defendant Fishman's contributory infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work under U.S. Copyright Law, Plaintiff is entitled to actual damages, pursuant to 17 U.S.C. § 504(b), for its lost profits as a result of Defendant's infringement, as well as any cost savings to Defendant attributable to the infringement, including an accounting of and a constructive trust with respect to such cost savings, in an amount to be proven at trial.

45. Alternatively, Plaintiff is entitled to recover statutory damages, pursuant to 17 U.S.C. § 504(c), for Defendant Fishman's contributory infringement of Plaintiff's copyright in the Copyrighted Work, in an amount to be determined by the trier of fact. Additionally, due to Defendant Fishman's willful infringement of Plaintiff's exclusive rights in providing the Copyrighted Work, or a substantially similar representation thereof, to Defendant Absolute to enable Absolute to unlawfully reproduce, distribute, and publicly display the Infringing Work, Plaintiff is entitled to an enhancement of its statutory damages award, up to $150,000, pursuant to 17 U.S.C. § 504(c)(2).

46. Plaintiff further is entitled to its attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

47. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Copyrighted Work and cause Plaintiff irreparable injury that cannot be fully compensated. Therefore, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct, including, but not limited to, an order prohibiting Defendant Fishman from further contributing to the infringement of Plaintiff's copyright and directing Defendant to destroy the Infringing Work and all identical and substantially similar copies thereof made in violation of Plaintiff's exclusive rights.

# COUNT THREE

**Inducement of Copyright Infringement – 17 U.S.C. §§ 106 and 501**

(Against Defendant Fishman)

48. Plaintiff repeats the foregoing allegations as if fully set forth herein.

49. Upon information and belief, through its conduct alleged herein, including by providing Defendant Absolute with the Copyrighted Work and/or substantially similar representations thereof, Defendant Fishman has infringed Plaintiff's copyright by inducing Defendant Absolute to reproduce, distribute, and publicly display the Copyrighted Work, by using the Copyrighted Work to produce, distribute, and publicly display the Infringing Work, without authorization, in violation of Sections 106, *et seq.*, and Section 501 of the Copyright Act. 17 U.S.C. §§ 106, *et seq.*, and 501.

50. Each infringement by Defendant Fishman of Plaintiff's Copyrighted Work constitutes a separate and distinct act of infringement.

51. Defendant Fishman's acts of infringement were willful, in reckless disregard of and with indifference to the rights of Plaintiff.

52. As a direct and proximate result of Defendant's inducing infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work under U.S. Copyright Law, Plaintiff is entitled to actual damages, pursuant to 17 U.S.C. § 504(b), for its lost profits as a result of Defendant's infringement, as well as any cost savings to Defendant attributable to the infringement, including an accounting of and a constructive trust with respect to such cost savings, in an amount to be proven at trial.

53. Alternatively, Plaintiff is entitled to recover statutory damages, pursuant to 17 U.S.C. § 504(c), for Defendant Fishman's infringement of Plaintiff's copyright in the Copyrighted Work, in an amount to be determined by the trier of fact. Additionally, due to Defendant Fishman's willful infringement of Plaintiff's exclusive rights in providing the Copyrighted Work, or a substantially similar

representation thereof, to Defendant Absolute to enable Defendant Absolute to unlawfully reproduce, distribute, and publicly display the Infringing Work, Plaintiff is entitled to an enhancement of its statutory damages award, up to $150,000, pursuant to 17 U.S.C. § 504(c)(2).

54. Plaintiff further is entitled to its attorneys' fees and costs, pursuant to 17 U.S. C. § 505.

55. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in the Copyrighted Work and cause Plaintiff irreparable injury that cannot be fully compensated. Therefore, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct, including, but not limited to, an order prohibiting Defendant Fishman from further contributing to and inducing the infringement of Plaintiff's copyright and directing Defendant to destroy the Infringing Work and all identical and substantially similar copies thereof made in violation of Plaintiff's exclusive rights.

## COUNT FOUR

### Unfair Competition – California Business & Professions Code §17500

(Against All Defendants)

56. Plaintiff repeats the foregoing allegations as if fully set forth herein.

57. Defendants' reproduction, distribution and public display of the Infringing Work expressly and falsely represents to consumers that the Infringing Work, which is a substantially similar representation of the Copyrighted Work, is authorized by Plaintiff.

58. The foregoing representation is a false and/or misleading statement of fact about Defendants' Infringing Work because Defendants are not authorized to reproduce, distribute, and/or publicly display the Copyrighted Work, or substantially similar representations thereof.

59. Defendants made the foregoing false and/or misleading representations in connection with commercial activities that affect, *inter alia*, intrastate commerce.

60. Defendants' representations either have deceived or have the capacity to deceive a substantial segment of potential consumers.

61. Defendants' false and/or misleading statements of fact, in reproducing, distributing and publicly displaying the Infringing Work, are likely to influence consumer purchasing decisions.

62. Plaintiff has been and is likely to continue to be injured as a result of Defendants' false representations of fact in connection with the Infringing Work.

63. Defendants' conduct constitutes false advertising, in violation of California Business & Professions Code § 17500.

64. Defendants' unlawful conduct has caused great and irreparable injury to Plaintiff and will continue to irreparably harm Plaintiff unless enjoined. Upon information and belief, Defendants have profited from their unlawful conduct and have been unjustly enriched to the detriment of Plaintiff. Defendants' unlawful conduct has caused Plaintiff to suffer monetary damages in an amount to be determined by the trier of fact.

## COUNT FIVE

**Unfair Competition – California Business & Professions Code §§ 17200 *et seq.***

(Against All Defendants)

65. Plaintiff repeats the foregoing allegations as if fully set forth herein.

66. Defendants' conduct constitutes unfair competition in that the foregoing acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code §§ 17200, *et seq*.

1 Further, Defendants have infringed Plaintiff's rights in the Copyrighted Work by, *inter alia*, reproducing, distributing and publicly displaying the Copyrighted Work, or substantially similar reproductions thereof, e.g., the Infringing Work, in violation of California Business and Professions Code Sections 17200, *et seq*.

67. Upon information and belief, Defendants' wrongful conduct has proximately caused and will continue to cause Plaintiff substantial injury, including without limitation, violation of the exclusive rights granted under U.S. Copyright Law, a loss of potential revenues, and diminution in the value of the Copyrighted Work. Accordingly, Plaintiff is entitled to recover damages for Defendants' wrongful conduct and to receive any and all other remedies provided by California's Unfair Competition Law, under California Business & Professions Code Sections 17200, *et seq*.

68. As a direct and proximate result of Defendants' conduct, Plaintiff is further entitled to recover all proceeds, cost savings and other compensation received or to be received by Defendants arising from the infringement of the Copyrighted Work. Plaintiff requests that the Court order Defendants to render an accounting to ascertain the amount of such profits, cost savings and other compensation.

69. As a direct and proximate result of Defendants' unfair competition, Plaintiff has been damaged, and Defendants unjustly enriched, in an amount to be proven at trial, for which damages and/or restitution and disgorgement is appropriate. Such damages and/or restitution and disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of Plaintiff, and an order that Defendants convey to Plaintiff all the gross receipts received or to be received that are attributable to infringement of the Copyrighted Work.

70. Through their conduct, Defendants are guilty of oppression, fraud or malice. Plaintiff, in addition to its actual damages, is, by reason thereof, entitled to

recover exemplary and punitive damages against Defendants, pursuant to California Civil Code Section 3294.

71. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the Copyrighted Work. Therefore, Plaintiff also is entitled to preliminary and permanent injunctive relief.

## COUNT SIX

## Common Law Unfair Competition

### (Against All Defendants)

72. Plaintiff repeats the foregoing allegations as if fully set forth herein.

73. Defendants' conduct unlawfully permits Defendants to unlawfully use and to obtain unauthorized benefit from Plaintiff's Copyrighted Work and constitutes common law unfair competition, and misappropriation in violation of California's common law. Accordingly, Plaintiff is entitled to recover damages for Defendants' wrongful conduct and to receive any and all other remedies provided by California's common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants as follows:

A. Preliminarily and permanently enjoining Defendants, and all persons acting in concert or participation with Defendants, from: (a) directly or indirectly reproducing, distributing, publicly displaying, or otherwise infringing, in any manner, Plaintiff's Copyrighted Work, or substantially similar reproductions thereof, whether now in existence or hereinafter created; (b) causing, contributing to, inducing, enabling, facilitating, or participating in the infringement of Plaintiff's Copyrighted Work; and (c) from displaying Defendants' mark(s) and/or logo(s) in

connection with the dissemination of unauthorized copies of Plaintiff's Copyrighted Work, or substantially similar reproductions thereof;

    B.    For Plaintiff's damages and Defendants' profits and cost savings in such amounts as may be found; alternatively, for maximum statutory damages with respect to Plaintiff's Copyrighted Work, whether infringed directly or indirectly, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c);

    C.    For restitution of Defendants' unlawful proceeds;

    D.    For an accounting and the imposition of a constructive trust;

    E.    For punitive and exemplary damages, as authorized for Plaintiffs' state law claims, under California Civil Code § 3294, in such amount as may be awarded by the trier of fact;

    F.    For Plaintiff's reasonable attorneys' fees and costs incurred in this action;

    G.    For pre- and post-judgment interest, as allowed for by law; and

    H.    For such other and further relief as the Court deems just and proper.

DATED: October 20, 2015    Respectfully submitted,

FULWIDER PATTON LLP

By: _____
Gary M. Anderson
Kenya L. Williams
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: October 20, 2015                FULWIDER PATTON LLP

By: _____
Gary M. Anderson
Kenya L. Williams
Attorneys for Plaintiff



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = variant displays
Search Results: Displaying 1 of 1 entries



*40'x50' NAMM Winter 2015.*

| | |
|---:|:---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VAu001205218 / 2015-03-10 |
| **Application Title:** | 40'x50' NAMM Winter 2015. |
| **Title:** | 40'x50' NAMM Winter 2015. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Variant Displays Inc. Address: 350 cheryl lane, walnut, CA, 91789, United States. |
| **Date of Creation:** | 2014 |
| **Authorship on Application:** | Variant Displays Inc, employer for hire; Domicile: United States; Citizenship: United States. Authorship: technical drawings. |
| **Rights and Permissions:** | megan zheng, variant displays inc., 350 cheryl lane, walnut, CA, 91789, United States, (909) 718-0522, (626) 922-1919, megan@variantdisplays.com |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Variant Displays Inc |



| Save, Print and Email (Help Page) |
|:---|
| Select Download Format  Full Record   [Format for Print/Save] |
| Enter your email address: [_____] [Email] |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=variant+displays&Search_Co...   10/7/2015